FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS 2012 APR 10 P 1: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| CHRIS E. MALING AND THE FORMULA, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) ) **C. A. No.** |
| v. | ) ) |
| FINNEGAN, HENDERSON, FARABOW, GARRETT, DUNNER, LLP, LAWRENCE R. ROBINS, ERIC P. RACITI, MATTHEW R. VAN EMAN, ERNEST F. CHAPMAN, ARTHUR S. GARRETT, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT AND JURY DEMAND

### Parties

1.  Plaintiff Chris E. Maling ("Maling") is a citizen of Massachusetts residing at

    124 East Street, Foxborough, Norfolk County, Massachusetts.

2.  Plaintiff Formula, LLC ("Formula") is a Massachusetts limited liability

    company with a principal place of business at 124 East Street, Foxborough,

    Norfolk County, Massachusetts. Maling is the managing member of Formula.

3.  Defendant Finnegan, Henderson, Farabow, Garrett, & Dunner LLP is a

    Massachusetts limited liability partnership located at 55 Cambridge Parkway,

    Suite 700, Cambridge, Suffolk County, Massachusetts and is licensed to

    practice law in the United States ("Finnegan").

4.     Defendant Lawrence R. Robins is a Partner at Finnegan ("Robins"). Upon information and belief, Robins resides at 4 Macquarrie Lane, Westford, MA 01867.

5.     Defendant Eric P. Raciti is a Partner at Finnegan ("Raciti"). Upon information and belief, Raciti resides at 26 Barbara Lane, Reading, MA 01886

6.     Defendant Mathew R. Van Eman M.D, is an Associate at Finnegan ("Van Eman"). Upon information and belief, Van Eman resides at 265 Newbury Street, Boston, MA 02116.

7.     Defendant Ernest F. Chapman is Of Counsel at Finnegan ("Chapman"). Upon information and belief, Chapman resides at 4840 Kingston Drive, Annandale, VA 22003.

8.     Defendant Arthur S. Garrett is Senior Counsel at Finnegan ("Garrett"). Upon information and belief, Garrett resides at 616 Boyle Lane, Mc Lean, VA 22102.

## Jurisdiction

9.     This court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this case involves a claim for legal malpractice premised on an underlying patent prosecution. Among other misconduct, Defendants violated 37 C.F.R. §10.66, 37 C.F.R. §1.56 and 37 C.F.R. §10.23.

## Facts

10.    On or about 17 April 2003, Plaintiffs engaged Finnegan to perform legal services on their behalf.

11. Specifically, Finnegan agreed to file and prosecute a patent for Maling's inventions for a new hinge for eyeglasses, including without limitation, his invention of a "screwless" eyeglasses hinge block design" ("Inventions").

12. Plaintiffs agreed to pay Finnegan on an hourly basis for its legal work.

13. After a meeting among Maling and Larry Robbins and Eric Raciti of Finnegan on September 19, 2003, Finnegan ordered prior-art searches relating to Maling's Inventions, including his "screwless eyeglasses hinge block design."

14. In or about May 2004, Finnegan commenced preparation of a patent application on Maling's Inventions.

15. Plaintiffs paid Finnegan well in excess of $100,000.00 to represent them in securing a patent for the Inventions.

16. Plaintiffs relied on the Defendants' expertise in patent law and prosecution as well as on their advice and counsel.

17. As patent counsel, Defendants' owed fiduciary duties to the Plaintiffs.

18. After engaging Finnegan, Plaintiffs invested millions of dollars in developing products around the Inventions.

19. Unbeknownst to Plaintiffs, at the time Finnegan accepted the Plaintiffs as clients and throughout its prosecution of the patents related to the Inventions, Finnegan was also representing Masunaga Optical Mfg. Co. Ltd. ("Masunaga"), for which it eventually filed US Application Serial No. 10/421,913 (issued as US Patent No. 6,767,096; hereafter, "Masunaga application/patent").

20.  The Masunaga application/patent is similar to the Inventions in many important respects.

21.  For example, the Masunaga patent application disclosed a hinge block design with a vertical bore for accepting a section of the temple arm and an open peripheral groove for accepting another section of the temple arm.

22.  In breach of their duties, Defendants failed to disclose to Plaintiffs its work for Masunaga before entering into the engagement with and performing work for the Plaintiffs.

23.  In breach of their duties, Defendants continued to represent the Plaintiffs and Masunaga simultaneously.

24.  In addition, Defendants failed to disclose to Plaintiffs their dual representation of Plaintiffs and Masunaga.

25.  Defendants had a conflict of interest which should have been disclosed to Plaintiffs before and during their representation. For example, Chapman and Finnegan were representing Masunaga at the time of and during the Plaintiffs' engagement of Finnegan.

26.  Due to this conflict, Finnegan was unable to fully and without restraint represent the interests of Plaintiffs.

27.  Plaintiffs were never informed of the conflict of interest and never consented to the Defendants' simultaneous representation of Plaintiffs and Masunaga.

28.  Had the Defendants disclosed its conflict of interest and/or its work on the Masunaga patent, Plaintiffs would not have paid thousands of dollars to Finnegan.

29. Had Defendants disclosed its conflict of interest and/or its work on the Masunaga patent, Plaintiff would not have paid millions of dollars to develop products based on the Inventions and patent that Finnegan was prosecuting on their behalf.

30. Plaintiffs have been harmed by the Defendants' misconduct. This harm also includes the diminution in value of the Plaintiffs' patent and Inventions.

31. When Maling brought the conflict to Finnegan's attention, Finnegan denied any conflict; in fact, Finnegan, including defendants Raciti, Van Eman, and Garrett, continued to represent the conflicting patents without requesting or obtaining written consent from either party.

32. During the initial application process on behalf of the Plaintiffs, Finnegan failed to disclose information to the USPTO that Finnegan was in possession of by way of independent patent searches conducted by a qualified patent expert upon Raciti's request.

33. On April 7, 2008, Van Eman and Finnegan filed an Amendment to Maling's issued patent without the knowledge or consent of the Plaintiffs.

34. The actions described above and other actions of the Defendants have caused great harm to the Plaintiffs.

## COUNT I: BREACH OF FIDUCIARY DUTY

35. Plaintiffs re-allege paragraphs 1 through 34 above as if specifically set forth herein.

36. Defendants, as attorney engaged by the Plaintiffs, owed fiduciary duties to the Plaintiffs in connection with their prosecution of the Plaintiffs' patent involving the Inventions.

37. As stated above, Defendants breached their fiduciary duties owed to the Plaintiffs by violating the Massachusetts Rules of Professional Responsibility Conduct as well as 37 C.F.R. §10.66, 37 C.F.R. §1.56 and 37 C.F.R. §10.23.

38. Defendants' breach of fiduciary duties caused the Plaintiffs to suffer great harm.

## COUNT II: NEGLIGENCE/LEGAL MALPRACTICE

39. Plaintiffs re-allege paragraphs 1 through 38 above as if specifically set forth herein.

40. Under the agreement the Defendants had a duty to exercise reasonable care and skill in performing legal work on the behalf of the Plaintiff.

41. Defendants failed to exercise reasonable care and skill in handling the prosecution of Plaintiffs' patents.

42. Defendants breached their duty of care by, among other things, failing to disclose a conflict of interest and by the filing of an amendment to Plaintiffs' patent without the Plaintiffs' consent.

43. As stated above, Defendants committed negligence by their breach of the Massachusetts Rules of Professional Responsibility Conduct as well as 37 C.F.R. §10.66, 37 C.F.R. §1.56 and 37 C.F.R. §10.23.

44. As result of the Defendants' negligence, the Plaintiffs suffered great harm.

45. The Defendants' negligence was the proximate cause of Plaintiffs' harm.

## COUNT III: VIOLATION OF MASSACHUSETTS G.L. C. 93A

46.     Plaintiffs re-allege paragraphs 1 through 45 above as if specifically set forth

herein.

47.     Defendants are engaged in trade or commerce as defined by Massachusetts

General Laws Chapter 93 A.

48.     By failing to disclose a conflict of interest, and engaging in other misconduct

stated above, Defendants committed unfair and deceptive trade practices.

49.     Defendants' misconduct caused great harm to the Plaintiffs, entitling the

Plaintiffs to damages, double or treble damages and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against the Defendants for damages,

including without limitation, disgorgement of all fees paid by Plaintiffs to

Defendants, other damages suffered by Plaintiffs as a result of the misconduct, double

or treble damages, attorneys' fees, and pre- and post-judgment interest and such other

relief as this Court deems just.

## PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL CLAIMS

Chris E. Maling
124 East Street
Foxborough, MA 02035
cem@framescape.com
Phone 508 864 2870

The Formula, LLC
Chris Maling, Managing Member
124 East Street
Foxborough, MA 02035
cem@framescape.com
Phone 508 864 2870