# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CASE NO.  12-CV-10639-JGD**

---

**CHRIS E. MALING AND THE FORMULA, LLC,**
   Plaintiff

v.

**FINNEGAN, HENDERSON, FARABOW, GARRETT, DUNNER, LLP, LAWRENCE R. ROBINS, ERIC P. RACITI, MATTHEW R. VAN EMAN, ERNEST F. CHAPMAN, ARTHUR S. GARRETT,**
   Defendants

---

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The plaintiffs respectfully oppose the defendants' Motion to Dismiss, except with respect to the defendants Garrett and Chapman; the plaintiffs do not oppose the dismissal of those individual defendants.

As a preliminary matter, the first ground for seeking a dismissal of the claims made by the Formula, LLC is that the claims were filed by one not a member of the bar. The issue is now moot because of the appearance of counsel.

The Motion to Dismiss further argues that none of the three counts of the Complaint states a claim for which relief can be granted.  The basis of the motion,

obviously, is Rule 12(b)(6), Fed.R.Civ.P.  The familiar standard for deciding such

motions was set out in *Rose v. Bartle, et al*, 871 F.2n 331, 342 (3rd Cir. 1989):

> "In reviewing orders dismissing an action pursuant to Rule 12(b), '[t]he
> standard by which the orders must be tested is whether taking the
> allegations of the complaint as true, ... and viewing them liberally giving
> plaintiffs the benefit of all inferences which fairly may be drawn therefrom,
> ... 'it appears beyond doubt that the plaintiff[s] can prove no set of facts in
> support of [their] claim which would entitle [them] to relief.' *Wisniewski*,
> 812 F.2d at 83 n. 1 (quoting *Wisniewski v. Johns-Manville Corp.*, 759 F.2d
> 271, 273 (3d Cir.1985) (quoting *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434,
> 444 (3d Cir.1977), cert. denied, 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d
> 791 (1978).'"

Taking the allegations of the complaint as true, viewing them liberally and giving

plaintiffs the benefit of all inferences which fairly may be drawn therefrom, it cannot be

said to appear "beyond doubt" that the plaintiffs can prove no set of facts in support of

their claims.

Count one alleges that the defendants breached their fiduciary duty to the plaintiff

by violating the Massachusetts Rules of Professional Conduct, 37 C.F.R. §10.66, 37

C.F.R. §1.56 and 37 C.F.R. §10.23.

Comment (11) of Massachusetts Rules of Professional Conduct, Rule 1.7[1] states

---

[1](a) A lawyer shall not represent a client if the representation of that client will be directly
adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the
other client; and

(2) each client consents after consultation.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by
the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

that: "Conflicts of interest in contexts other than litigation sometimes may be difficult to assess. Relevant factors in determining whether there is potential for adverse effect include the duration and intimacy of the lawyer's relationship with the client or clients involved, the functions being performed by the lawyer, the likelihood that actual conflict will arise and the likely prejudice to the client from the conflict if it does arise. The question is often one of proximity and degree."

The Complaint alleges (¶¶19-21) that the plaintiffs' device and Masunaga's device are similar, that they both feature an eyeglass hinge and reside within a narrow niche field, specifically screwless eyeglasses designed for the removal of the temples without the use of tools. Representing two clients seeking a patent for an extremely similar device with a very narrow market is rife with conflict and success for one client cannot be accomplished without adversely affecting the other client.

The plaintiff reasonably may prove that the defendants' degree of intimacy with both the plaintiff's application and Masunaga Optical Mfg. Co. Ltd. ("Masunaga") application was very high. The defendants had intimate knowledge of both applications for patent. The proximity of the defendants to the two competing applications was so close as to be essentially conjoined. It is not beyond doubt that the plaintiffs could prove a set of facts that the defendants violated Massachusetts Rules of Professional Conduct,

(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Rule 1.7.

The defendants actively represented Masunaga working to secure for Masanuga a patent for its screwless eyeglasses when they accepted the plaintiff as a client to secure for the plaintiff a patent for its own screwless eyeglasses.  Both of the defendants' clients were seeking a patent for very similar property rights in a very narrow field.  Moreover, the defendants failed to advise the plaintiffs of their conflict, which led to the failure to obtain the plaintiffs' consent to engage in the dual representation within this niche field in violation of 37 C.F.R. §10.66[2].  Complaint, ¶¶24, 27 and 31.

Of importance here is sub-section (b): "A practitioner shall not continue multiple employment if the exercise of the practitioner's independent professional judgment in

---

[2] *§ 10.66 Refusing to accept or continue employment if the interests of another client may impair the independent professional judgment of the practitioner.*

(a) A practitioner shall decline proffered employment if the exercise of the practitioner's independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve the practitioner in representing differing interests, except to the extent permitted under paragraph (c) of this section.

(b) A practitioner shall not continue multiple employment if the exercise of the practitioner's independent professional judgment in behalf of a client will be or is likely to be adversely affected by the practitioner's representation of another client, or if it would be likely to involve the practitioner in representing differing interests, except to the extent permitted under paragraph (c) of this section.

(c) In the situations covered by paragraphs (a) and (b) of this section, a practitioner may represent multiple clients if it is obvious that the practitioner can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of the practitioner's independent professional judgment on behalf of each.

(d) If a practitioner is required to decline employment or to withdraw from employment under a Disciplinary Rule, no partner, or associate, or any other practitioner affiliated with the practitioner or the practitioner's firm, may accept or continue such employment unless otherwise ordered by the Director or Commissioner.

behalf of a client will be or is likely to be adversely affected by the practitioner's representation of another client, or if it would be likely to involve the practitioner in representing differing interests, except to the extent permitted under paragraph (c) of this section." It would be impossible for the defendant to adequately protect the interests of both the plaintiff and Masunaga without adversely affecting one of them. And they did not secure the consent of the plaintiff to the dual representation as prescribed in paragraph (c). The defendants breached their fiduciary duty to the plaintiffs by ultimately choosing to protect Masunaga's interests at the expense of the plaintiff in violation of 37 C.F.R. §10.66.

Having clearly laid out well recognized duties which the plaintiffs allege were breached, the question turns to whether the allegations of the complaint, viewed liberally, and given the benefit of all inferences which fairly may be drawn therefrom, allege damage caused by the breach of duty. For the Complaint can be dismissed only if it can be said to appear "beyond doubt" that the plaintiffs can prove no set of facts in support of their claims.

The defendants argue that the Complaint fails to allege any consequent damage. But ¶¶28 and 29 allege that the plaintiffs would not have paid substantial amounts to be represented by a conflicted law firm. In addition, they would not have spent substantially more money to develop a product only to discover later that the product was unmarketable. That their product could ultimately be patented is categorically different from the product being marketable. The Complaint alleges in ¶30 that although the product was patented, the patent was worth less than expected because of the defendants' misconduct. The defendants may argue, as they do in their

memorandum, that these allegations lack credibility.  But credibility is a question of fact and for purposes of a 12(b)(6) motion, these allegations must be taken as true.  What cannot be disputed is that at the very least, had the plaintiffs been advised of the conflict, they would have had the choice of whether or not to continue with their efforts.

Count two alleges negligence.  It alleges, in ¶¶40 - 43 that the defendants had a duty to exercise reasonable care in representing the plaintiffs, which duty was breached by their failure to disclose the conflict of interest.  Together with earlier allegations in the complaint, the breach of that duty caused them to pay the defendants a great deal of money, money which the plaintiffs were led to believe was being paid for conflict-free representation.

Count three alleges violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A (the "Act").  Section 11 of the Act gives one engaged in business the right to sue for violations of section 2 of the Act.  Section 2 of the Act declares "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" to be unlawful. The Massachusetts Attorney General regulations declare that section 2 is violated if, *inter alia,* "It fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety, or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection."  940 CMR 316(3). Given

Both sections 9 and 11 of the Act focus on the nature of the challenged conduct in deciding whether it was unfair or deceptive.  *Massachusetts Employers Ins. Exchange v. Propac-*

*Mass. Inc.*, 420 Mass 39, 42-43 (1995)(§11 case)("We view as uninstructive phrases such as 'level

of rascality' (*Levings v. Forbes & Wallace, Inc.*, 8 Mass. App. Ct. 498, 504 [1979]) and 'rancid

flavor of unfairness' (*Atkinson v. Rosenthal*, 33 Mass. App. Ct. 219, 226 [1992]), in deciding ques-

tions of unfairness under G.L. c. 93A.  We focus on the nature of challenged conduct and on the

purpose and effect of that conduct as the crucial factors in making a G.L. c. 93A fairness

determination. See *PMP Assocs., Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596 (1975).  . . .

[A] breach of the implied covenant of good faith and fair dealing may constitute an unfair or

deceptive act or practice for the purposes of G.L. c. 93A.").

    In addition, the acceptance of the plaintiffs as clients, where the defendants had a client

with conflicting interests, was a breach of their fiduciary duties. Rule 1.7, Massachusetts Rules of

Professional Conduct, 37 C.F.R. §10.66, 37 C.F.R. §1.56 and 37 C.F.R. §10.23.   The violation of

these rules specifically violates section 2 of the Act, by force of 940 CMR 316(3).  At the very

least they should have advised the plaintiffs of the conflict.  The absence of advise of their conflict

is, in effect, a warranty that there is no conflict; the breach of such a warranty also violates 93A.

*Maillet v. ATF-Davidson Co., Inc.*, 407 Mass. 185 (1990).


## CONCLUSION


    For the foregoing reasons, the plaintiffs have set forth claims for which relief can be

granted and the Motion to Dismiss ought to be denied.  In the alternative, the plaintiffs respectfully

request thirty days from the decision on the Motion to Dismiss to address any failures in the

Complaint.  There could be little, if any, unfair disadvantage to the defendants in granting leave to amend; they have yet to answer the Complaint.

Dated:  October 30, 2012                              Respectfully submitted,
                                                                     For the Plaintiffs:


                                                                      /s/ Hans R. Hailey
                                                                     Hans R. Hailey
                                                                     Law Offices of Hans R. Hailey
                                                                     225 Friend Street, 5th Floor
                                                                     Boston, Massachusetts 02114
                                                                     Tel. (617) 723-4010
                                                                     BBO # 216820

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be served electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by mail to any nonregistered party on this 30th day of October, 2012.

                                                                      /s/ Hans R. Hailey